IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOAN LEGER, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0445-ELR-AJB-1 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL FILE NO. |
|    Respondent. | : | 1:17-CV-1487-ELR-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Joan Leger, proceeding *pro se*, seeks via 28 U.S.C. § 2255 to challenge her sentence entered in this Court under the above criminal docket number. The matter is before the Court for preliminary review of Movant's § 2255 motion, [Doc. 41].[1] Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.[2]

---

[1] References are to the docket in Case No. 1:14-cr-445.

[2] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their

I.      **<u>Discussion</u>**

The grand jury sitting in the Northern District of Georgia charged Movant with eleven counts of advising taxpayers to prepare and present to the Internal Revenue Service (IRS) false and fraudulent tax refund amounts, in violation of 26 U.S.C. § 7206(2). (Indictment, ECF No. 1.) Movant pleaded guilty to one count and received a twenty-four month term of imprisonment and was ordered to pay $134,961 in restitution to the IRS. (Am. J., ECF No. 38.) The amended judgment was entered on June 30, 2015. (*Id*.) The record shows no direct appeal.

---

positions." *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). This Report and Recommendation (R&R) constitutes fair notice to Movant that her § 2255 motion is deemed untimely. As indicated in the Order for Service filed contemporaneously with this R&R, Movant will have the opportunity to present her objections to this finding, and the District Court will review *de novo* properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct.18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and that the opportunity to file objections provided a reasonable opportunity to respond); *Berry v. Ray*, No. CIV-06-0856, 2006 WL 3523764, at *2 (W.D. Okla. Dec. 6, 2006) (explaining that the "sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner because he has an opportunity to be heard on the issue by filing a timely objection to [the] Report and Recommendation").

AO 72A
(Rev.8/82)

On April 18, 2017, Movant filed her current § 2255 motion.[3] (Mot. to Vacate, ECF No. 41.) Movant asserts that the Court had no federal legislative criminal jurisdiction over her as a private Georgia citizen and that there is no statute of limitations to her current challenge. (*Id*. at 1-2, 6.) Otherwise, Movant refers to the Uniform Commercial Code ("UCC") and asks whether or not the United States has been bankrupted, whether or not the United States Constitution operates against Movant as a private citizen in her private capacity, whether or not the name on the indictment is JOAN LEGER (in all capital letters, a corporate fiction) or Joan Leger (a private woman), whether or not Abraham Lincoln in 1861 organized a Delaware Corporation and appointed members as the Board of Directors of the United States Congress, and so on and so forth – the end conclusion by Movant being that the Court lacked jurisdiction over her in her criminal case. (*Id*. at 3-7.)

---

[3] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he or she signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988), and *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/8
2)

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Thomas v. Attorney Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have

4

AO 72A
(Rev.8/82)

convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (quoting *McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).

Here, Movant incorrectly asserts that the statute of limitations does not apply to her jurisdictional claim. The federal one year limitations period applies. *See Williams v. United States*, 383 Fed. Appx. 927, 929 (11th Cir. June 21, 2010) ("The one-year limit applies even though Williams' new claim is an attack on the district court's jurisdiction. . . . Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period . . . .") (citations omitted).

Because Movant did not directly appeal, her federal conviction became final on July 14, 2015, fourteen days after the June 30, 2015, entry of the amended judgment. *See* Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Movant's § 2255 motion was due by July 14, 2016, and her April 18, 2017 motion is untimely by approximately nine months.[4] Accordingly, this action must be dismissed as untimely.

Further, even if Movant's motion were timely, it otherwise fails as frivolous. Federal court criminal jurisdiction exists in all states, including Georgia. *See* 18 U.S.C. § 3231; *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003)

---

[4] There is no indication that subsections (f)(2)-(4), equitable tolling, or the actual innocence exception apply.

AO 72A (Rev.8/82)

("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."); *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (rejecting claim that federal district court in Hawaii lacked jurisdiction over defendants who contended that they were Hawaiian nationals); *Smith v. United States*, No. 207-CR-19-FTM-29DNF, 2009 WL 2181424, at *1 (M.D. Fla. July 22, 2009) (rejecting claim that federal district court lacked jurisdiction over defendant who claimed to be an individual and citizen of the sovereign State of Florida). Further, challenges similar to the challenge raised by Movant repeatedly have been rejected as frivolous by numerous courts. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . , be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts summarily reject as frivolous legal theories such as used by " 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts"); *Clark v. Caruso*, No. 09-CV-10300, 2010 WL 746417, at *6 (E.D. Mich. Mar. 2, 2010) ("courts have repeatedly held that the UCC has no bearing on the

6

validity of a prisoner's conviction or subsequent incarceration" and "federal courts have repeatedly characterized such claims as frivolous") (listing cases)).

## II. **Certificate of Appealability ("COA")**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Damren v. Florida*, 776 F.3d 816, 820 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, _ U.S. _, 137 S. Ct. 830 (2017).

It is recommended that a COA is unwarranted because it is not debatable that Movant's action is untimely (in addition to being frivolous). If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the

7

denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, [Doc. 41], be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 8th day of May, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)