# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOAN LEGER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0445-ELR-AJB-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:17-CV-1487-ELR-AJB |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's motion to vacate [41]; Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [43], which recommends that this action be dismissed as untimely and that a certificate of appealability ("COA") be denied; and Movant's construed objections [46].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

Movant – who was indicted on eleven counts of violating federal law – pleaded guilty to one count of advising taxpayers to prepare and present to the Internal Revenue Service false and fraudulent tax refund amounts, in violation of 26 U.S.C. § 7206(2), and received a twenty-four month term of imprisonment. (Indictment, ECF No. 1; Am. J., ECF No. 38.) An amended judgment against Movant was entered on June 30, 2015, and the record shows no direct appeal. Movant now seeks to collaterally attack her conviction and sentence under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 41.)

As summarized by the Magistrate Judge –

> On April 18, 2017, Movant filed her current § 2255 motion.[] Movant asserts that the Court had no federal legislative criminal jurisdiction over her as a private Georgia citizen and that there is no

2

statute of limitations to her current challenge. Otherwise, Movant refers to the Uniform Commercial Code (UCC) and asks whether or not the United States has been bankrupted, whether or not the United States Constitution operates against Movant as a private citizen in her private capacity, whether or not the name on the indictment is JOAN LEGER (in all capital letters, a corporate fiction) or Joan Leger (a private woman), whether or not Abraham Lincoln in 1861 organized a Delaware Corporation and appointed members as the Board of Directors of the United States Congress, and so on and so forth – the end conclusion by Movant being that the Court lacked jurisdiction over her in her criminal case.

(R&R at 3, ECF NoO. 43.) The Magistrate Judge found that, contrary to Movant's assertion, the federal one year limitations period applied to Movant's jurisdictional claim and that her motion to vacate was untimely. (*Id.* at 5.) The Magistrate Judge further found that, even if Movant's motion were timely, it otherwise failed as frivolous. (*Id.* at 5-7.) Accordingly, the Magistrate Judge recommends that this action be dismissed as untimely and that a COA be denied. (*Id.* at 8.)

Movant has filed a document entitled an Affidavit of Conditional Acceptance of the R&R and Proof of Claims, construed as objections. (Objections, ECF No. 46.) The Court has reviewed the construed objections – which contain assertions similar to Movant's assertions in her motion to vacate – and finds that they are legally frivolous. (*See* Objections; *see also* R&R at 5-7 and cases cited therein). Further,

AO 72A
(Rev.8/8
2)

review of the R&R shows that it is legally correct and based on the record presented to the Court.

II. **Conclusion**

Accordingly,

**IT IS ORDERED** that Movant's construed objections [46] are **OVERRULED** and that the Magistrate Judge's Report and Recommendation [43] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that the motion to vacate [41] is **DENIED and DISMISSED** as untimely and that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 19th day of June, 2017.

_Eleanor L. Ross_
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)